**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

ANTWOIN TYWAN McNEIL,

    Petitioner,

    v.

KEITH K. ARNOLD and
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No.  25-0155-TDC

**MEMORANDUM OPINION**

Self-represented Petitioner Antwoin Tywan McNeil, who is currently confined at the North Branch Correctional Institution in Cumberland, Maryland, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Because McNeil paid the filing fee, his Motion to Proceed *In Forma Pauperis*, ECF No. 5, will be dismissed as moot.  McNeil has also filed a Motion for Relief from Judgment and a Motion for Summary Judgment.  Respondents have filed a Limited Answer, along with relevant state records, in which they argue that the Petition should be dismissed as untimely.  Having reviewed the submitted materials, the Court finds that no hearing is necessary.  *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts ("2254 Rules"); D. Md. Local R. 105.6.  For the reasons set forth below, the Petition will be DISMISSED as time-barred.

**BACKGROUND**

On November 5, 2021, the Baltimore County Department of Social Services referred a sexual abuse case to a detective with the Baltimore County Police Department involving two female child victims.  During a forensic interview at the Baltimore County Child Advocacy Center,

both girls disclosed that when they were between the ages of eight and nine years old, McNeil raped them and forced them to perform oral sex on him on multiple occasions.

On December 8, 2021, after the detective submitted an Application for Statement of Charges in the District Court of Maryland for Baltimore County, McNeil was charged with multiple offenses, including sex abuse of a minor, second-degree rape, and third-degree sex offense. An arrest warrant was issued that same day. On March 31, 2022, McNeil was arrested and had an initial appearance in the Baltimore County District Court. On April 25, 2022, McNeil was charged in the Circuit Court for Baltimore County, Maryland in a 21-count Indictment with multiple counts of second-degree rape, sex abuse of a minor, second-degree sex offense, and other related crimes.

Although an assistant public defender entered his appearance on McNeil's behalf on April 25, 2022, McNeil filed two requests with the court to discharge counsel. On August 11, 2022, after a hearing, McNeil's motions were granted. McNeil filed several motions to dismiss the charges against him based on his claim that there were numerous defects in the arrest warrant, charging documents, and indictment process, which were denied. McNeil then represented himself in a two-day bench trial that began on December 13, 2022. On December 14, 2022, the court found McNeil guilty on 14 counts of the Indictment, including five counts of second-degree rape and two counts of sex abuse of a minor.

On December 21, 2022, McNeil filed a Motion for a New Trial, which was denied at the February 1, 2023 sentencing hearing. On January 3, 2023, McNeil filed a Motion to Set Aside the Judgment, which the court denied on January 11, 2023. On February 1, 2023, McNeil was sentenced to 90 years of imprisonment, with all but 80 years suspended, followed by five years of probation.

In an envelope post-marked March 2, 2023, McNeil mailed a notice of appeal to the Circuit Court of Baltimore County. In a letter dated April 24, 2023, the Appellate Court of Maryland advised McNeil that his appellate brief was due on or before June 5, 2023. On July 10, 2023, after McNeil failed to comply with the filing deadline, the Maryland Appellate Court issued an order finding him in default and dismissing his appeal. The order informed McNeil that any motion for reconsideration of the order had to be filed within 20 days of the date of the order. On July 24, 2023, McNeil filed an informal brief of the appellant. On August 16, 2023, McNeil filed a "Motion for Reconsideration of Appeal." State Record ("S.R.") 127–29; ECF No. 9-1. The certificate of service on McNeil's motion stated that he mailed it to the Clerk of the Court on July 14, 2023, but the envelope was postmarked August 11, 2023. On August 18, 2023, the Clerk of the Maryland Appellate Court sent McNeil a letter in response to the motion informing him that the certificate of service was deficient because it did not show that it was served on the Attorney General of Maryland and provided McNeil with the address for the Attorney General.

On September 28, 2023, the Maryland Appellate Court received another informal brief from McNeil. On October 12, 2023, the Maryland Appellate Court received another "Motion for Reconsideration of Appeal" from McNeil. SR 144–46. On October 19, 2023, the Maryland Appellate Court denied the Motion for Reconsideration as untimely. On October 20, 2023, the Maryland Appellate Court issued its mandate regarding the order dismissing McNeil's appeal pursuant to Maryland Rule 8–602(c)(5).

On October 27, 2023, McNeil filed a Motion to Set Aside the Judgment with the Maryland Appellate Court. On November 3, 2023, the Maryland Appellate Court denied that motion as untimely and on the grounds that it no longer had jurisdiction to consider the appeal because the mandate had issued.

## DISCUSSION

In the Petition filed with this Court, McNeil alleges that the state court lacked subject matter jurisdiction; it lacked personal jurisdiction; his due process rights under the Fifth Amendment to the United States Constitution were violated when the defense was apparently not present when the trial was set to begin; and his due process rights under the Fourth Amendment were violated because there was no warrant issued for his arrest.

Respondents filed an Answer in which they assert that the Petition should be dismissed as time-barred. After Respondents filed the Answer, McNeil filed a Motion for Relief from Judgment on the grounds that the "judgment is void," pursuant to Federal Rule of Civil Procedure 60(b)(4), in which he argues that his indictment was illegal because, prior to its issuance, no witnesses appeared before the grand jury to be questioned. Mot. for Relief from Judgment at 1, ECF No. 12. He concludes from this alleged defect that "the charges or indictment could not commence" and that no crime was "committed within the jurisdiction of the People." S.R. 53. McNeil has also filed a Motion for Summary Judgment in which he claims that the trial court did not have jurisdiction because he did not consent to jurisdiction over his person, and that the State failed to produce an injured party. Under the 2254 Rules, a federal habeas petition is to be resolved based on the Petition, an Answer, and a Reply, such that motions are not proper unless the Court chooses to apply the Federal Rules of Civil Procedure, which has not occurred here. *See* 2254 Rules 2, 5, 12. McNeil's Motions are therefore improper and will be denied. To the extent McNeil's Motions are intended as a Reply, the contents will be considered in that context.

## I.    Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A one-year limitations period applies to federal

habeas petitions in non-capital cases filed by a person convicted in state court. *Id.* § 2244(d).

Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(l). This one-year period, however, is tolled while properly filed state post-conviction petitions are pending. *Id.* § 2244(d)(2).

## II.     Timeliness

Upon review of the record, the Court finds that McNeil's Petition is untimely. McNeil filed an appeal of his conviction to the Maryland Appellate Court, which dismissed the appeal, but he did not file a petition for a writ of certiorari to the Supreme Court of Maryland. His conviction thus became final on November 6, 2023, when the time for filing a petition for a writ of certiorari expired. *See* Md. Rule 8–302(a). McNeil's subsequent failed efforts to revive his direct appeal with the Maryland Appellate Court did not extend the period of direct review so as to toll the running of the statute of limitations. *See e.g., Thomas v. Goodwin*, 786 F.3d 395, 399 (5th Cir.

2015) (holding that a conviction became final on direct review when the time for seeking review by the state Supreme Court expired, rather than when the state Supreme Court denied the writ due to its untimeliness); *Randle v. Crawford*, 604 F.3d 1047, 1054–55 (9th Cir. 2010) (holding that a state Supreme Court's dismissal of a petitioner's appeal as untimely did not constitute the "conclusion of direct review" because "[i]f the one-year limitations period were made contingent on the resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such notice until after the normal expiration date"); *Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir. 2002) (holding that the filing of a motion to extend the time for appeal or to file a late notice of appeal did not restart the limitations period for federal habeas review and extend it until the state court's denial of such a filing as untimely).

Thus, the one-year filing limitations period, which began to run on November 6, 2023, expired on November 6, 2024. McNeil's Petition was dated January 6, 2025 and was received for filing in this Court on January 14, 2025, approximately two months after the expiration of the limitations period. McNeil has not alleged that the tolling provisions contained in 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable to his Petition, nor is there any discernible basis for finding that they apply. Under any reading of the procedural history of his criminal case, McNeil's Petition was filed after the expiration of the limitations period and is time-barred.

### III.    Equitable Tolling

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328–30 (4th Cir. 2000). A federal habeas petitioner may be entitled to equitable tolling upon a showing that (1) the petitioner has been pursuing rights diligently; and (2) "some extraordinary circumstance stood in [the] way

and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013). The limitations period may also be excused if the failure to consider the petition would cause a fundamental miscarriage of justice. *Id.* at 397. Pursuant to this exception, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 392. Such a showing could be made upon presentation of "new evidence" showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Upon review of McNeil's arguments, the Court finds that they provide no basis to warrant equitable tolling and do not support a claim of actual innocence. His Motion for Relief from Judgment and Motion for Summary Judgment focus on arguments that the state courts do not have jurisdiction over Moorish Americans charged with criminal acts absent their consent, which have been routinely rejected by federal courts. *See e.g. United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) (rejecting a claim that a federal court lacked jurisdiction over a Moorish American because "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions"); *El v. Mayor New York*, No. 13-CV-4079 (SLT) (CLP), 2014 WL 4954476, at *5 (E.D.N.Y. Sept. 30, 2014) (stating that the "argument that a person is entitled to ignore the laws of [a state] by claiming membership in the Moorish-American nation is without merit" (internal citations omitted)); *Bond v. N.C. Dep't of Corr.*, No. 3:14-cv-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) (stating that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"). Accordingly, the Petition will be dismissed as time-barred.

## IV.      Certificate of Appealability

Rule 11(a) of the 2254 Rules provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition.  Because the accompanying Order is a final order adverse to the applicant, McNeil must receive a certificate of appealability before an appeal may proceed.  28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).  When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

McNeil's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that McNeil has not made the requisite showing.  The Court therefore declines to issue a certificate of appealability.  McNeil may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, McNeil's Motion to Proceed *In Forma Pauperis* is DISMISSED AS MOOT, McNeil's Motion for Relief from Judgment and Motion for Summary Judgment will be DENIED, and the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: March 20, 2026

THEODORE D. CHUANG
United States District Judge